IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DANIKA YAMPIERRE,** | * | |
| | * | |
| *Plaintiff,* | | |
| v. | | |
| | * | Civil Case No: 1:21-cv-01209-JMC |
| **BALTIMORE POLICE DEPARTMENT,** | | |
| | * | |
| *Defendant.* | | |
| | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTIONS *IN LIMINE* (ECF NOS. 82, 83)

The Court has before it Defendant's two motions *in limine*. (ECF Nos. 82, 83). No oppositions were filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). As set forth more fully below, Defendant's first Motion *in Limine* (ECF No. 82) is conditionally GRANTED. Defendant's second Motion *in Limine* is GRANTED in part and DENIED in part.

### I.   Background

This case involves allegations by Plaintiff of sexual harassment by Lieutenant Brian Pearson and resulting hostile work environment during the period of October 2019 – February 2020 while Plaintiff was employed by the Baltimore Police Department. In advance of trial in April, Defendants submitted two timely motions *in limine*. (ECF Nos. 82, 83). In the first, Defendant seeks to exclude evidence and argument about matters unrelated to her sole remaining theory of recovery in the case, including matters relating to counts already dismissed by this Court as a matter of law. In the second, Defendant seeks to exclude the admission of a document that

Plaintiff characterizes as a "complaint" to superiors during the period of alleged harassment (October 2019 - February 2020) by Lieutenant Brian Pearson. (ECF No. 83-2). Defendant argues that the document cannot be authenticated and directly contradicts a contemporaneous email from Plaintiff that attaches a different version of that "complaint"—one that does not mention the alleged harassment. (ECF No. 83-3).

For her part, Plaintiff has not responded to either motion by the Court's deadline. They are, therefore, unopposed. Notwithstanding that lack of opposition, the Court must still consider each motion on its merits, subject to appropriate analysis under the Federal Rules of Evidence.

**II.     Analysis**

Regarding Defendant's first motion, (ECF No. 82), as Defendant correctly notes, the Federal Rules of Evidence require a court to "conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). Relevance for purposes of the Federal Rules of Evidence allows evidence to be admitted only if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Moreover, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In the context of the present case, the Court notes that Plaintiff initially pursued a broad range of relief based on alleged incidents involving many individuals over several years. The Court therefore agrees that introduction of such evidence, to the extent it is unrelated to the allegations of harassment against Lieutenant Pearson during the relatively narrow relevant time period of October 2019 to February 2020, lacks relevance and has a significant potential to unfairly prejudice Defendant and confuse

the jury based on the record before the Court.  Thus, Defendant's first Motion *in Limine* (ECF No. 82) is conditionally GRANTED.

The Court acknowledges that is does not have the full discovery record before it such that if there is evidence relating to the allegations against Lieutenant Pearson that avoids the relevance, confusion and prejudice concerns outlined above (such as evidence that might fall slightly outside the timeframe at issue), Plaintiff is instructed to make a proffer to the Court outside the presence of the jury before such evidence is referred to or attempted to be introduced.  To be clear, the Court has no information that such evidence exists and would give great scrutiny to such evidence before admitting it, but will consider its admission if a satisfactory proffer is made.

As for the second motion, (ECF No. 83), the Court GRANTS it in part and DENIES it in part.  Plaintiff's deposition testimony is clear that she sent one email to her superiors attaching a "complaint" during the relevant time period (on December 27, 2019).  (ECF No. 71-3 at 120; 71-21 at 262-262).  Defendant has produced that email and its attachments, and it is notably different from the version Plaintiff may attempt to introduce, for which no foundation has been laid nor could one be laid that is not directly at odds with Plaintiff's previous testimony.  As recently noted by this Court, in the absence of a foundation that could support a colorable argument of admissibility, evidence should not be admitted.  *AMA Sys., LLC v. 3B Tech, Inc.*, No. 1:21-CV-01472-JRR, 2024 WL 4122113, at *3 (D. Md. Sept. 8, 2024).  That said, the Court will not bar the "true" complaint from evidence, (ECF No. 83-3), as there seems to be no dispute as to its authenticity and Defendants retrieved it from their own email server.  Although it is true that this "true" complaint raises unrelated issues to some extent barred by the Court's ruling above, with proper instruction from the Court that only the actions of Lieutenant Pearson are relevant, it can be admitted without running afoul of the Court's relevance, prejudice and confusion concerns.  As

for its relevance, it is for the jury to decide whether the complaint was sufficient to put the Department on notice of the alleged harassment by Lieutenant Pearson. It is also relevant to Defendants' argument that the complaint is arguably silent regarding the complained of conduct.

### III. Conclusion

Accordingly, Defendant's first Motion *in Limine* (ECF No. 82) is conditionally GRANTED. Defendant's second Motion *in Limine* (ECF No. 83) is GRANTED in part and DENIED in part.

Date: February 6, 2025

/s/
J. Mark Coulson
United States Magistrate Judge