# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DANIKA YAMPIERRE,** | * |
|    *Plaintiff*, | * |
| v. | *    Case No.: 1:21-cv-01209-JMC |
| **BALTIMORE POLICE DEPARTMENT,** | * |
|    *Defendant*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S MEMORANDUM OF LAW ADDRESSING SCOPE OF TRIAL

On May 17, 2021, Plaintiff, Danika Yampierre, filed this lawsuit against Baltimore Police Department. Plaintiff's Second Amended Complaint asserts counts under Title VII including discrimination on the basis of race, discrimination on the basis of sex, sexual harassment (hostile work environment, retaliation, and discrimination on the basis of pregnancy. Plaintiff's Second Amended Complaint also asserted violations of 42 U.S.C. § 1981, HIPAA, American Disabilities Act, MFEPA, and PDA. On September 15, 2023 this Court dismissed Plaintiff's 42 U.S.C. § 1981, HIPAA, American Disabilities Act, MFEPA, PDA, retaliation, and race discrimination claims.

On April 4, 2024, Defendant filed a Motion for Summary Judgment. On June 17, 2024, this court granted Defendant's Motion in part, dismissing Plaintiff's unlawful retaliation claim as a matter of law. This court denied Defendant's motion regarding liability for sexual harassment hostile work environment. On March 13, 2025, this court ordered Plaintiff file a memorandum addressing the scope of trial. Plaintiff now files this Memorandum Addressing the Scope of Trial providing the legal standards requiring the court to consider the totality of the circumstances in determining Defendant's liability for sexual harassment hostile work environment.

## APPLICABLE LEGAL STANDARDS

The United States Supreme Court has held that "hostile environment" sex discrimination is actionable under Title VII of the Civil Rights Act of 1964, *See Meritor Sav. Bank, F.S.B. v. Vinson*, 477 U.S. 57 (1986). Applying portions of the guidelines issued by the Equal Employment Opportunity Commission (EEOC), the Court noted that sexual harassment actionable under Title VII included "'unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.' 29 C.F.R. § 1604.11(a) (1985)." *Id.* at 65. The Court has further established that hostile environment sexual harassment need not be directly linked to the grant or denial of an economic *quid pro quo* and is actionable where it has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. *See* EEOC Amicus Br. 13-14 (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).

## ARGUMENT

**1. Plaintiff is entitled to produce evidence that would help the fact finder find sufficiency of Plaintiff's hostile work environment claim.**

To demonstrate that a hostile environment exists with respect to sexual harassment, a plaintiff must objectively and subjectively show that there is unwelcome conduct that is based on plaintiff's sex, which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and which is imputable to the employer. *See Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998); *Spicer v. Virginia Dept of Corrections*, 66 F.3d 705, 710 (4th Cir. 1995).

To satisfy the severe or pervasive standard, the court has required plaintiffs to show that their allegations amount to more than "rude treatment by coworkers," *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006), "callous behavior by superiors," *Bass v. E.I. DuPont de Nemours & Co.*,

324 F.3d 761, 765 (4th Cir. 2003), or "routine difference of opinion and personality conflict with [one's] supervisor," *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000). *See EEOC v. Sunbelt Rentals, Inc.,* 521 F.3d 306 (4th Cir. 2008).

In assessing whether a plaintiff has met the objective standard, the Fourth Circuit has found that a showing of complaints to coworkers and supervisors that harassment was objectionable would allow a reasonable jury to conclude conduct was unwelcome. *See E.E.O.C. v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009). The Fourth Circuit has also found that an employee's outward expressions of offense help courts find that the conduct was also subjectively unwelcome. *Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 337 (4th Cir. 2010) (citing *E.E.O.C. v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009) (finding employee's numerous complaints to director of Western Maryland Police Academy indisputably established conduct was unwelcome).

In accordance with these well-established evidence standards, Plaintiff is entitled to produce evidence that would help her meet both the subjective and objective standard that conduct was unwelcome, altered her work environment, and created an abusive work environment.

**2. Plaintiff is entitled to produce evidence that would help the fact finder meet its requirement of looking to the totality of the circumstances in determining liability for sexual harassment hostile work environment.**

It is well-settled that when considering sufficiency of hostile work environment claims, the courts consider not a mathematically precise test but "all the circumstances," including the "'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)); *see also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (reasoning that whether the environment is

objectively hostile or abusive is "judged from the perspective of a reasonable person in the plaintiff's position"); *Perkins v. Int'l Paper Co.,* 936 F.3d 196 (4th Cir. 2019) (affirming the district court's order after stately being "mindful" of not overlooking the requirement that the court consider the totality of the plaintiff's experiences).

The Fourth Circuit has found that no single factor is dispositive in determining whether a hostile work environment exists and has instead held that "unlike a typical claim of intentional discrimination based on a discrete act, a hostile-work-environment claim's 'very nature involves repeated conduct.'" *McIver v. Bridgestone Ams., Inc.,* 42 F.4th 398, 407 (4th Cir. 2022) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115(2002)); *see also E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008).

In *Magee v. Dansources Tech. Servs.*, the Court allowed a plaintiff to itemize a long list of incidents and behavior that supported a finding of either sever or pervasive sexual harassment. 137 Md. App. 527, 558 (2001). The Court specifically considered the plaintiff's evidence showing that after it became clear that the plaintiff would neither cooperate in or remain silent about the discriminatory conduct she was subjected to, the offenders increasingly disregarded, ostracized, and belittled her. *Id.* at 562. The Court reasoned that a jury could infer from this and other evidence that the plaintiff had put forth a case of harassment through the use of behavior with sexually loaded content and connotation. *Id.* at 559. The Court noted the importance of this evidence as potentially allowing the jury to conclude that the work environment the plaintiff described featured discriminatory conduct that went beyond "stray remarks," "vulgarities," "offensive utterances," or other "ordinary tribulations of the workplace." *Id.* at 559; S*ee also Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67 (1986).

Plaintiff is entitled to present evidence that could allow the fact finder to conclude that Lieutenant Brian Pearson's conduct established an abusive environment that altered the conditions of Plaintiff's employment. *See Beardsley v. Webb*, 30 F.3d 524, 530 (4th Cir. 1994) (whether harassment was sufficiently severe or pervasive is "quintessentially a question of fact" for the jury). Like the plaintiff in *Magee*, Plaintiff is entitled to show how the alleged behavior interfered with her work and her relationships. Plaintiff is also entitled to show how she was harmed by the changes in the terms and conditions of her employment include changes in her job responsibilities, access to the building, and her role in the department.

> **3. Plaintiff is entitled to produce evidence that would help the fact finder meet its requirement of careful consideration of the social context in which Lieutenant Brian Pearson's behavior occurred and was experienced by Plaintiff.**

The Supreme Court has long held that common sense and an appropriate sensitivity to social context, enables courts and juries to identify objectively hostile or abusive conduct. *See Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81(1998). The *Oncale* Court specifically stated that the "real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships," *Id.* at 82. The Court further expounds that "Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive." *Id.* at 82.

In *Okoli v. City of Balt,* a plaintiff alleging sexual harassment had been receiving gifts from the offender, 648 F.3d 216, 220 (4th Cir. 2011). The *Okoli* court found that though some of those gifts, such as a holiday card, flag, or tea set, may seem innocuous or harmless when viewed alone or in the abstract, the context of the escalating pattern of sexual advances showed that the gifts

could certainly have sexual connotations and been a part of the offender's effort to coerce Okoli into having sex. *Id.* at. 221. The *Okoli* court aligned its reasoning with that of the *Oncale* court and ultimately found that the court's legal analysis "requires careful consideration of the social context in which particular behavior occurs and is experienced by its target." *See Id.* at. 221.; *See also Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81(1998).

Additionally, in *Jennings v. Univ. Of N.C.,* a plaintiff on a college soccer team alleged sex-based harassment by her soccer coach, 482 F.3d 686, 696. In evaluating whether the plaintiff proffered facts permitting a finding that the harassment was sufficiently severe and pervasive, the court took into consideration the coach's tremendous power and influence in being one of the most successful women's soccer coaches in U.S. college history. *Id.* at. 696.

Here, Plaintiff is entitled to present evidence that would help provide social context to the Department's environment and the workplace culture she experienced.

## **CONCLUSION**

In conclusion, Plaintiff is entitled to produce evidence to establish that the abusive environment altered the conditions of Plaintiff's employment as such evidence is of consequence and has tendency to make sexual harassment and hostile work environment more probable. This evidence will not confuse the jury based on the now narrowed record before the Court. Considering the aforementioned case law and requirements listed in the Court's February 7, 2025 Order, Plaintiff respectfully asks the court to allow Plaintiff to produce evidence at trial that may fall slightly outside of the timeframe as with proper instruction from the Court, this evidence will not run afoul of the Court's concerns and is relevant to considering of considering the totality of the circumstance and appreciation of the social context of the harassment. Plaintiff asks that the evidence be admitted with proper instruction to allow the fact finder to examine all the circumstances, including the frequency of Lieutenant Pearson's conduct, its severity, whether it is

physically threatening or humiliating, and whether it unreasonably interfered with Plaintiff's work performance.

Date: March 19, 2025                      Respectfully submitted,

/s/ *Dionna Maria Lewis*
Dionna Maria Lewis, Esq.
District Legal Group, PLLC
700 Pennsylvania Ave, SE, Suite 2098
Washington, D.C. 20003
Phone: (202) 486-3478
Fax: (202) 618-6187
Dionna@DistrictLegalGroup.com
*Counsel for Plaintiff*