IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DANIKA YAMPIERRE,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No. 1:21-cv-01209-JMC |
| **BALTIMORE POLICE DEPARTMENT** | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Presently before the court is Plaintiff Danika Yampierre's Objection[1] to the Bill of Costs (ECF No. 135). Defendant Baltimore Police Department ("BPD") has not filed any response thereto. No hearing is necessary. Based on the reasons set forth immediately below, the Court is unpersuaded to adjust the Costs award, and Plaintiff's Objection is OVERRULED.

## I.    BACKGROUND

On May 17, 2021, Plaintiff filed the above-captioned litigation against BPD asserting claims under Title VII, asserting a surviving claim of sex discrimination/hostile work environment. (ECF No. 1). The case was tried before a jury, and on March 10, 2026, the jury returned a verdict in favor of Defendant. (ECF No. 127). The Court entered a Final Order of Judgment on March 11, 2026. (ECF No. 130).

## II.    ANALYSIS

Federal Rule 54(d)(1) provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

---

[1] Defendant filed a Bill of Costs on March 18, 2026. Plaintiff failed to respond in a timely fashion, and the Court issued an Order directing Plaintiff to file a response. (ECF No. 133). Plaintiff filed her Opposition and Objection on April 20, 2026. In light of this filing, the Court will consider Plaintiff's arguments and whether to adjust the Order on Bill of costs.

Fed. R. Civ. P. 54(d)(1). Accordingly, Rule 54(d) creates a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *Teague v. Bakker,* 35 F.3d 978, 995–96 (4th Cir.1994) (citations omitted). To overcome the presumption, a district court "must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Teague,* 35 F.3d at 996 (quoting *Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.,* 899 F.2d 291, 296 (4th Cir.1990)). Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award. *See Delta Air Lines,* 450 U.S. at 355 n. 14, 101 S.Ct. 1146. Thus, district courts have discretion to deny the award. *See Teague,* 35 F.3d at 996. The general rule provides that "only misconduct by the prevailing party worthy of a penalty ... or the losing party's inability to pay will suffice to justify denying costs." *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir.1988) (citations omitted).

In support of her request to deny BPD's costs, Plaintiff asserts four equitable arguments: (1) Plaintiff engaged in good faith; (2) The closeness and difficulty of the issues; (3) inability to pay; and (4) public importance of civil rights.  (ECF No. 135).  The Court will consider each in turn.

### A.      A Good Faith Plaintiff is a Mere Prerequisite to a Denial of Costs

It has been settled that the "good faith pursuit of rights, alone, does not provide sufficient basis to avoid the presumptive taxation of costs."  *Wyne v. Medo Indus, Inc.*, 329 F.Supp.2d 584, 587 (D. Md. 2004) (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999)). Indeed, recognizing a good faith plaintiff as an independent basis upon which to deny costs "would 'frustrate' the operation of Rule 54(d)(1) because the losing party in most cases has acted in good faith." *Cherry*, 186 F.3d at 447.  Thus, where good faith is a relevant factor, it is a prerequisite to

a denial.  As such, the Court recognizes Plaintiff's good faith and has no reason to find that she has not met this threshold prerequisite.

**B.        The Closeness and Difficulty of the Issues Does Not Support Denying Costs**

Plaintiff is correct that "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Grochowski v. Sci. Applications Int'l Corp.*, No. ELH-13-3771, 2017 WL 121743, at *4 (D. Md. Jan. 12, 2017) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)). The novelty of the legal issues is an important factor under this prong. *Ellis v. Grant Thornton LLP*, 434 F. App'x. 232, 235 (4th Cir. 2011). So too is the factual complexity of the case. *See Bennett v. CSX Transp., Inc.*, No. 5:10-CV-493-BO, 2015 WL 233223, at *1 (E.D.N.C. Jan. 16, 2015) ("While a Title VII or FELA claim itself is not particularly novel or complex, the factual issues presented in this matter were difficult and indeed hotly contested at trial and on appeal.") (quotations omitted); *see also Musick*, 2012 WL 473994, at *2 (recognizing that the factual complexity of the issues supported non-taxation of costs); *EEOC v. Enoch Pratt Free Lib. et al.*, Civil Action No. 8:17-cv-02860-PX, 2022 WL 4017294, at *2 (D. Md. Sep. 2, 2022) ("Although important and interesting, the case was not especially close or difficult. The five-day trial involved 12 witnesses and approximately 170 exhibits…To be sure, assessing the EEOC's prima facie case and pertinent affirmative defenses were fact-*intensive* inquiries. But this alone does not make the facts complex.") (emphasis in original). In addition, "[a] case may be characterized as difficult based upon the length of trial, the number of witnesses, and the amount of evidence submitted to the jury." *McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 743 (6th Cir.), *amended on denial of reh'g*, 41 F. App'x 758 (6th Cir. 2002) (citing *White*, 786 F.2d at 732).

Here, the Court observes that the case did not present any particular novelty or complexity based on the legal issues presented. A seven-day jury trial took place, yet neither party presented an expert witness, and each lay witness testified to a series of events. *Skeberdis v. Brill*, Civil Action No. 1:17-cv-00404-PX, 2019 WL 5625849, at *3 (D. Md. Oct. 31, 2019) (recognizing a medical malpractice trial was hotly contested and difficult when the evidence was so complicated that multiple expert witnesses testified). The Court further notes that much of the testimony was overlapping, whereby multiple witnesses testified to their perception of the same events multiple times. While there were certainly many facts for the jury to consider, neither the facts nor the manner of their presentation was of the kind of difficulty the Court finds would justify denying costs. Indeed, the entire course of conduct at issue took place in a total timespan of about four months. Plaintiff emphasizes that this factor weighs in favor of denying costs because the "severe and pervasive" prong of a Title VII claim is a high standard. (ECF No. 135 at 5). However, the Court can find no case law in support of such a proposition; rather, courts have recognized the opposite to be true. *See Bennett*, 2015 WL 233223, at *1 (indicating a Title VII claim is "not particularly novel or complex" but the factual matters may be hotly contested at multiple levels). Finally, the Court is unpersuaded by Plaintiff's reliance on *Ellis*, in which the litigation involved a jury trial and appeal, and the court recognized that the legal issues were more complex than the defendant argued. *Ellis*, 434 F. App'x at 235. Therefore, the Court is unpersuaded to deny costs on this basis.

### C.      Plaintiff has Not Provided Any Evidence in Support of an Inability to Pay

If the non-prevailing party is of sufficiently "modest means" such that it would be unjust or inequitable to enforce Rule 54(d)(1) against her, then the court acts within its discretion to deny costs to the prevailing party. *Cherry*, 186 F.3d at 447. However, the non-prevailing party must

provide sufficient documentation establishing the inability to pay costs. *Skeberdis*, 2019 WL 5625849, at *2; *See also Wyne*, 329 F. Supp. 2d at 588 (other citations omitted);  *Levy v. Lexington County, S.C.*, No. CA 3:03-3093-MBS, 2012 WL 6675051, at *3 (D.S.C. Dec. 20, 2012) (denying $12,898.70 in costs where non-prevailing parties with yearly incomes of $44,598 and $109,647, but with outstanding debt of $21,000, was found to be of "modest means."); *Broccoli v. Echostar Commc'ns Corp.*, 229 F.R.D. 506, 517 (D. Md. 2005) (finding the non-prevailing party, who had an annual income of $3,627.07, was "clearly" of sufficiently modest means to justify denial of $16,104.40 in costs).

Here, Plaintiff insists that the costs award would be unfair due to an inability to pay. However, she has provided no evidentiary support for such an assertion.  Therefore, the Court is unable to properly evaluate whether Plaintiff is of "modest means" within the Rule 54(d) context. In *Skeberdis v. Brill*, the Court recognized that the payment of nearly double his income in costs would be inequitable when the plaintiff provided tax returns and other earning information supporting as much. *Skeberdis*, 2019 WL 5625849, at *2.   Here, Plaintiff relies on the general notion that she is still unemployed, without any documented evidence showing an inequity.  Nor does Plaintiff point to any comparable case law in support of her position. Without the ability to review any evidence in support of her contentions, the Court is unpersuaded by Plaintiff's inequity arguments.

### D.     A Cost Award Does Not Undermine the Importance of Civil Rights

Plaintiff argues that to award costs pursuant to Rule 54(d) would "punish" Plaintiff "for pursuing the enforcement of her statutorily protected rights."  (ECF No. 135 at 7).  The Court disagrees.  As an initial matter, the Court of course wholeheartedly agrees with Plaintiff that civil rights are of great public importance.  However, the Court disagrees that a cost award—made

under the favorable presumption to which BPD is entitled under Rule 54(d)(1) and Loal Rule 109.1 as the prevailing party—serves as punishment for pursuing a Title VII action.  A cost award that comports with the contours of the Federal Rules of Civil Procedure is not awarded to the prevailing party as any sort of punishment or deterrence to other good faith Title VII plaintiffs who have not prevailed in their case; rather, the award is a function of the Rules and one of the many risks that accompanies the knowing decision to bring litigation with representation by counsel.

Therefore, considering each of Plaintiff's arguments in turn and taken together, the Court is unpersuaded to set aside the presumption in BPD's favor and deny the prevailing party costs.

E.    **BPD has Demonstrated that the Costs are Proper Under Rule 54(d)**

Finally, Plaintiff argues in the alternative that any costs should be reduced from BDP's request for $4,707.06.  (ECF No. 135 at 7-8). In summary, BPD seeks costs for the use of exhibits, Plaintiff's deposition and five witnesses.  Plaintiff argues that the deposition of Plaintiff was not a necessary part of the litigation, and if the Court finds that it was necessary, that the costs for the video recording should be deducted from a cost award. *Id.*

"[I]n determining whether to award deposition costs, a court examines whether the deposition was reasonably necessary to the prevailing party's case at the time it was taken, not whether it was actually admitted at trial." *See Simmons v. O'Malley,* 235 F. Supp. 2d 442, 443 (D. Md. 2002); *see also Am. Med. Sec., Inc. v. Larsen*, 31 F. Supp. 2d 502, 509 (D. Md. 1998) ("[T]he language 'necessarily obtained for use in this case' in 28 U.S.C. § 1920(2) and (4) requires merely that costs be relevant and reasonable and not that they be indispensable to the final outcome.").

In *Simmons*, this Court foreclosed Plaintiff's argument that her deposition was not necessarily obtained. *Simmons*, 235 F. Supp. 2d at 443.  There, the defendant objected to the costs of depositions of the parties including the plaintiff and defendant and the experts on both sides.

*Id.* The Court reasoned that "[r]easonable trial preparation, however, ordinarily includes review of the deposition transcripts of the parties and their experts, either to prepare one's own witnesses for cross-examination or to prepare to perform the cross-examination of the adverse party and her witnesses." *Id.* As such, the cost award including that of the plaintiff's deposition was proper. *Id.* Similarly, this Court has recognized that the use of "video depositions to preserve witness testimony at trial" can be necessary depending on context. *RG Steel Sparrows point, LLC v. Kinder Morgan Bulk Terminals, Inc.*, Civil Action No. WMN-09-1668, 2016 WL 1377405, at *3 (D. Md. Apr. 7, 2016).

Here, although the videotape was not played during trial, the parties relied upon Plaintiff's deposition transcript extensively. The Court is satisfied that the single deposition, including the expense of videotaping, was necessarily obtained for use in this case within the meaning of Section 1920(2). *See RG Steel Sparrows Point*, 2016 WL 1377405, at *3. Plaintiff points to no case law to the contrary. Therefore, the Court is satisfied that a total costs award of $4,707.06 is proper.

## III.    CONCLUSION

Accordingly, for the reasons stated above, it is this 13th day of May 2025 ORDERED that Plaintiff's Objection to the Bill of Costs (ECF No. 135) is OVERRULED. Defendant BPD is entitled to the cost award set forth in ECF No. 134).

_____/s/_____

J. Mark Coulson
United States Magistrate Judge
